UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
       :
BRICKLAYERS INSURANCE AND WELFARE  :
FUND, BRICKLAYERS PENSION FUND,  :
BRICKLAYERS SUPPLEMENTAL ANNUITY  :   **MEMORANDUM**
FUND, BRICKLAYERS AND TROWEL  :   **DECISION AND ORDER**
TRADES INTERNATIONAL PENSION FUND,  :
NEW YORK CITY AND LONG ISLAND JOINT  :   15 cv. 4260 (BMC)
APPRENTICESHIP AND TRAINING FUN,  :
INTERNATIONAL MASONRY INSTITUE, and  :
JEREMIAH SULLIVAN, JR., in his fiduciary  :
capacity as Administrator, BRICKLAYERS  :
LOCAL 1, INTERNATIONAL UNION OF  :
BRICKLAYERS AND ALLIED CRAFT  :
WORKERS, and BRICKLAYERS LABOR  :
MANAGEMENT RELATIONS COMMITTEE,  :
       :
          Plaintiffs,  :
       :
      -against-  :
       :
GIBRALTAR CONTRACTING, INC. and  :
CHRISTIAN VARELA,  :
       :
          Defendants.  :
       :
------------------------------------------------------------ X

**COGAN**, District Judge.

      Before me is plaintiffs' motion for a default judgment. For the reasons set forth below, the motion is granted in part and denied in part.

**BACKGROUND**

      Plaintiffs, affiliated entities of the Bricklayers labor organization, its employee benefit plans, and the plans' administrator and fiduciary, have brought this action against defendants Gibraltar Contracting, Inc. and its principal, Christian Varela, for relief pursuant to Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Plaintiffs allege that Gibraltar has failed to make contributions and remittances to the benefit plans and the labor organization in violation of a collective bargaining agreement, and that Varela is responsible for withholding certain benefits and union dues but then keeping them or paying them to other creditors instead of paying them into the plans. This case covers amounts owed from June 2014 through August 2015.

Plaintiffs commenced this action by filing a Complaint and Summons on July 21, 2015, and served defendants on August 13, 2015. Plaintiffs filed proof of service on September 8, 2015. Defendants failed to answer or otherwise appear, and the Clerk entered their default pursuant to Fed. R. Civ. P. 55(a) on September 25, 2015. Defendants have not opposed plaintiffs' motion for a default judgment.

## DISCUSSION

### I. Damages

In light of defendants' default, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting a default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." According to the Second Circuit, however, it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and

documentary evidence. <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

In support of their motion for default judgment, plaintiffs have submitted the affidavit of Viorel Kuzma, a staff member of the payroll compliance department at Schultheis & Panettieri, LLP, Certified Public Accountants, and Jeremiah Sullivan, President of the International Union of Bricklayers & Allied Craftworkers Local 1 of New York ("Local 1") and a named plaintiff in this action. These affidavits exhibit a copy of the collective bargaining agreement ("CBA") and audit reports showing defendants' unpaid contributions.

The Kuzma affidavit simply notes that Gibraltar has never made itself available for an audit, despite its obligation under the CBA to do so. The Sullivan affidavit therefore performs the computation, but lacking an audit, it is based on shop steward reports, the only work records that plaintiffs have, to determine the hours worked that give rise to the contribution obligations. Some of the obligations owed are ERISA-plan obligations and some are non-ERISA obligations under the CBA; moreover, the rates payable changed as of November, 2014; January, 2015; and July, 2015. The Sullivan affidavit, using bricklayer hours from the shop steward reports, breaks down the amounts owed under CBA by the nature of the obligation (ERISA plan contribution v. non-ERISA plan obligation), the rate applicable to journeymen v. apprentice; and the rates applicable during each time period. In addition, the affidavit exhibits the CBA and plans, which establish plaintiffs' entitlement to liquidated damages and default interest. Finally, the computation properly reflects a credit for a substantial payment on Gibraltar's behalf made by the general contractor on one of its construction projects.[1]

---

[1] The agreement on which this action is based is an industry-wide agreement. The motion candidly notes that plaintiffs cannot find a signature page by which Gibraltar signed on individually. Nevertheless, plaintiffs have submitted evidence showing that both by performance and express acknowledgement, Gibraltar considered itself

I find these submissions to be sufficient evidence to form the basis for an award of damages against defendants and in favor of plaintiffs in the amounts requested. Specifically, as set forth in plaintiffs' Statement of Damages, the amounts owed by Gibraltar are as follows:

| | |
|---|---|
| Unpaid fringe benefit contributions | $127,621.21 |
| Unpaid dues | $15,766.71 |
| Interest at contract rate | $8,179.09 |
| 20% liquidated damages | $40,802.55 |
| Litigation costs | $400.00 |
| TOTAL | $192,769.56 |

Varela's debt is limited to $45,697.07, consisting of Vacation Fund and Pension Fund contributions in the amount of $30,888.26, and collected but unremitted union dues in the amount of $14,808.81.

**II. Injunctive Relief**

Plaintiffs also request that Gibraltar submit to an audit of its books and records. The CBA expressly provides for such relief, and section 1145 of ERISA authorizes it. However, I cannot find that plaintiffs have made a sufficient showing of irreparable harm to warrant such relief.

The Court may issue an injunction on a motion for default judgment upon a showing by the moving party that he is entitled to injunctive relief under the applicable statute, and that he meets the prerequisites for the issuance of an injunction. See La Barbera v. Bestech Transport, LLC, No. 07 Civ. 4699, 2011 WL 1316153, at *6 (E.D.N.Y. Mar. 8, 2011); Local 348 Health & Welfare Fund v. Milmar Food Group, LLC, No. 05 Civ. 3459, 2006 WL 1025075, at *6

bound by this agreement. This is a common occurrence in the contracting industry, and the cases have held this to be adequate. See, e.g., Del Turco v. Speedwell Design, 623 F. Supp.2d 319, 346 (E.D.N.Y. 2009). In any event, with defendants having chosen to default, this Court is not going to act as their lawyer. See generally Greathouse v. JHS Security, Inc., 784 F.3d 105, 119 (2d Cir. 2015) (Korman, D.J., concurring in part and dissenting in part) ("There is something wrong when a case or controversy, to the extent that it exists, is principally between a plaintiff and the judges deciding the case.").

(E.D.N.Y. Mar. 24, 2006). Injunctive relief is available under ERISA, see La Barbera, 2011 WL 1316153, at *6, and it may also be available under Section 301 of the LMRA, see Mason Tenders Dist. Council of Greater N. Y. v. G & C Constr. Safe. Inc., No. 10 Civ. 3399, 2011 WL 744918, at *9 (S.D.N.Y. Feb. 8, 2011). However, in either case, plaintiffs must establish irreparable harm and the absence of an adequate remedy at law. See Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 542, 107 S. Ct. 1396 (1987) (stating the "fundamental principle that an injunction is an equitable remedy that does not issue as of course," but only upon a showing of "irreparable injury and inadequacy of legal remedies").

The instant decision awards plaintiffs' damages for the fourteen months that Gibraltar has failed to pay contributions to plaintiffs, interest on those unpaid contributions, and liquidated damages. If plaintiffs wish to seek attorneys' fees, they can obtain those as well. Because this award would fully compensate plaintiffs for the amounts due and the time spent collecting them, I find it unnecessary at this stage to issue an affirmative injunction ordering Gibraltar to submit to an audit. The shop steward records seem to work quite well as forming the basis for calculating any amounts owed. Plaintiffs have not demonstrated that actions such as this one afford an inadequate remedy, nor that they will suffer irreparable harm if an injunction ordering future compliance does not issue.

It may be the case that if the judgment is returned unexecuted and Gibraltar continues to shirk its obligations under the CBA, plaintiffs may be able to demonstrate that they have no adequate remedy at law, but plaintiffs have not made such a showing on the record before me.

## <u>CONCLUSION</u>

The motion for a default judgment is granted in part and denied in part.  The Clerk is directed to enter judgment in favor of plaintiffs and against Gibraltar in the amount of $192,769.56 and against Varela in the amount of $45,697.07.  Plaintiffs may move for attorneys' fees as provided in Federal Rule of Civil Procedure 54(d)(2).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      November 8, 2015